Cloyce BOX et al., Appellants,

v.

ASSOCIATES INVESTMENT COMPANY, Appellee.

No. 16482.

Court of Civil Appeals of Texas.

Dallas.

April 16, 1965.

Rehearing Denied May 7, 1965.

688

Arthur Mitchell, Mitchell & Gilbert, Austin, for appellants.

Robert R. Cole, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

This is the second appeal of this case. See Box v. Associates Investment Co., Tex. Civ.App., 352 S.W.2d 315.

Associates Investment Company brought this action against Cloyce Box and Boyce Box, alleging that they were partners doing business as Box Auto Sales. Plaintiff's action was based on certain promissory notes which had been executed by various makers and payable to the order of Box Auto Sales. It was alleged that Box Auto Sales had transferred each of the notes to Associates Investment Company, for a valuable consideration, such transfer having been effectuated by written endorsement with "full recourse". It was also alleged that, upon nonpayment of the various notes, the collateral for such notes had been sold and the proceeds of such sales applied to the same and judgment was sought for the remaining deficiencies. Cloyce and Boyce Box each filed a verified denial as to the existence of a partnership between them. In addition they pled, as

affirmative defense, the statute of limitations as well as other special defenses. Following a nonjury trial judgment was rendered in favor of Associates Investment Company and against Cloyce Box and Boyce Box.

In their primary point on appeal appellants attack the action of the trial court in striking from the record their "First Supplemental Answer". The original petition was filed on July 31, 1959. Appellants filed their original answer on September 4, 1959. Appellee did not thereafter amend its original petition. Approximately four and one-half years after the filing of the original answer, and on March 16, 1964, which was the date that the case was set for trial and was actually tried, appellants filed what they designated as "Defendants' First Supplemental Answer" which included entirely new and additional defenses not previously urged by appellants, including a plea to the jurisdiction, a plea of usury, certain special denials concerning the performance of conditions precedent and a verified denial of the capacity in which appellants were sued. Appellee objected to the filing of such pleading on the grounds that it was not seasonably filed prior to seven days before trial date and also because said new pleading contained matters which came as a surprise. The court ordered the pleading stricken.

The pleading tendered on trial date by appellants was not truly a supplemental answer. Rule 69, T.R.C.P. It was really an amended answer. Rule 62, T.R.C.P. Rule 63, T.R.C.P. specifically provides that parties may amend their pleadings provided, that any amendment offered for filing within seven days of the date of trial, or thereafter, shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such amendment will operate as a surprise to the opposite party. It has been firmly established that the action on the part of the trial court in granting or refusing the right to file amended pleadings within the seven-day period is a matter clearly within the discretion of the trial judge and his decision will not be disturbed on appeal unless the complaining party makes a clear showing of abuse of discretion. Davis v. National Acceptance Co., Tex.Civ.App., 233 S.W.2d 321; McKay v. Dunlap, Tex.Civ.App., 244 S.W.2d 278; Dyche v. Simmons, Tex.Civ.App., 264 S.W.2d 208; Domengeaux v. Kirkwood & Co., Tex.Civ.App., 297 S.W.2d 748; and First National Life Ins. Co. v. Herring, Tex.Civ.App., 318 S.W.2d 119. The burden is upon the complaining party to show that the court's action in denying amended pleadings was arbitrary, or that it resulted in substantial and consequential injury. Weaver v. Bogle, Tex.Civ.App., 325 S.W.2d 457. We find no abuse of discretion reflected by this record nor do we find that appellants have met the burden of demonstrating injury or harm as a result of the striking of their belated pleading. No reason was assigned for the last minute filing. No effort was made by appellants to secure a postponement or continuance. Of course, the plea to the jurisdiction could have been filed and heard at any time. The substance of this plea was that the several matters alleged in appellee's original petition are separate and distinct causes of action, and that none of such causes of action, individually, involved an amount sufficient in value to come within the jurisdiction of the district court. While appellants did not urge this plea to the trial court, nor do they urge it in this court, had the same been urged it would have been overruled. It is well established that in an action involving a number of separate monetary claims the amount in controversy is ascertained by aggregating the separate claims asserted. McDonald, "Texas Civil Practice," Vol. 1, p. 172, § 2.17; Texas City Tire Shop, Inc. v. Alexander, Tex.Civ.App., 333 S.W.2d 690, 693. Appellants' Point 1 is overruled.

In a series of points appellants contend that appellee's cause of action for the various deficiencies is barred by the two-

year statute of limitations. Art. 5526, Sec. 4, Vernon's Ann.Civ.St. Appellants argue that the cause of action here presented is not on a promissory note or written obligation, but on an implied contract of an endorser to make good to the holder any deficiency above the sale of collateral. Since the sale of the collateral securing each of the promissory notes was accomplished more than two years prior to the institution of this suit, appellants urge that the trial court erred in not sustaining their plea of limitation. They cite no authority directly in point and we are not impressed with the validity of their position. A review of the plaintiff's petition together with the promissory notes, exhibits and other instruments introduced in support thereof, demonstrates that appellee's suit was nothing more than a suit by an endorsee against endorsers who had, in writing, transferred said notes "with full recourse". While the amounts sought by appellee against appellants were the balances existing after the sale of certain collateral security on the notes such fact does not change the nature of the basic cause of action from one on a written agreement to one on implied contract. We think the action was upon a written instrument and therefore governed by the four-year statute of limitations. Art. 5527, Sec. 1, V.A.C.S.; Guaranty Bond State Bank of Athens v. Fraternal Bank & Trust Co., Tex.Civ.App., 68 S.W.2d 305; Hester & Wise v. Chinn, Tex.Civ.App., 162 S.W.2d 450.

■ A charge that the trial court committed reversible error in arbitrarily restricting and limiting cross-examination by appellants of appellee's witness Hommel, is made the basis of a series of points, grouped together for argument. We have carefully considered each of these points and find that they do not either singly or collectively reflect reversible error and should be overruled. In each of the matters complained of the inquiry sought is not shown to be material to any issue presented by the pleadings. In many instances the court permitted appellants to interrogate this witness, and other witnesses, on the same subject matter. In some instances the answers of the witness, not permitted by the trial court, are not presented to us by appropriate bill of exception. Finally, appellants have completely failed to demonstrate that the court's action resulted in harm or prejudice to them. Rule 434, T.R.C.P.

■ We agree with appellant Cloyce Box that appellee wholly failed to establish by competent evidence that he was a partner with Boyce Box in the business known as Box Auto Sales. In the absence of the establishment of such partnership relationship there is no basis for the rendition of a judgment against Cloyce Box.

■ Since the case was tried to a court, without a jury, and there are no findings of fact or conclusions of law, the judgment necessarily implies all necessary fact findings in support thereof. We recognize that, in considering Cloyce Box's points, we must determine whether there is any evidence to support the implied findings of the trial court that he was, indeed, a partner, and in doing so it is proper for us to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114; Lamb v. Ed Maher, Inc., Tex.Civ.App., 368 S.W.2d 255; Pittsburgh Plate Glass Co. v. Bragg, Tex.Civ.App., 383 S.W.2d 623. The issue of partnership was clearly raised by the pleadings of both parties. The denial of partnership placed the burden of proof upon appellee and it became necessary that it support the issue by competent evidence and not mere surmise or suspicion. J. Robert Neal, Inc. v. McElveen, Tex.Civ.App., 320 S.W.2d 36; Bolding v. Camp, Tex.Com.App., 6 S.W.2d 94; Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059. A partnership, as contra-distinguished from other business relationships or ventures, is one in which the partners have entered into an

express or implied contract for partnership· that they had a mutual right of control over a common business; that they had an agreement to share profits; that they had an agreement to share the losses; or that they had a common business venture in mind. Art. 6132b, Sec. 7, et seq., V.A.C.S. (Uniform Partnership Act).

Appellee attempted to discharge its burden of proving a partnership by the testimony of its branch manager, Mr. W. M. Hommel, Jr. The substance of his testimony was that he had never dealt with Cloyce Box in any of the transactions involving Box Auto Sales, his entire business having been with Boyce Box. He said that he had been informed by Mr. Jack Liechty, the manager of appellee in Dallas, "that Mr. Cloyce Box was going to be a partner with Mr. Boyce Box." This testimony was properly stricken by the court as being hearsay. He testified that he had talked with Cloyce and Boyce Box either at Killeen, Texas or Waco, Texas, and that during these conversations they advised him that "they were going to be partners.". On cross-examination he finally made the following admissions:

"Q. All right. Now, please, directing your attention to April of 1956. Will you tell this Court, please, sir, what evidence, what conversations, what statements were made to you by Mr. Box either Cloyce or Boyce, to indicate to you that Mr. Cloyce Box was going to be a partner?

"A. There wasn't any direct statement made that they were going into partnership.

"Q. All right."

\* \* \* \* \* \*

"Q. I just asked you, please, sir, if you can tell the Court now if any statement was made to you by Cloyce Box or Boyce Box at that first meeting in April, indicating that Mr. Cloyce Box was going to be a partner in Box

Auto Sales and you told me no, didn't you? Didn't you just get through telling me that?

"A. Yes.

"Q. All right. You just assumed it, didn't you?

"A. Right."

\* \* \* \* \* \*

"Q. Mr. Cloyce Box never dealt with you with anyone of these five transactions made the basis of this lawsuit, isn't that correct?

"A. Correct.

"Q. And I believe you told us that the only reason you thought he was a partner is you just assumed it, is that correct?

"THE COURT: He did say that. Let's get onto something else."

Mr. Hommel testified that he asked Mr. Cloyce Box to give him a financial statement, identified as Defendants' Exhibit 2. He admitted, on cross-examination, that:

"Q. There is nothing on that, is there, Mr. Hommel, that Mr. Cloyce Box is a partner?

"A. No."

All of the endorsements and assignments of the various notes to Associates Investment Company, were executed by Box Auto Sales by Boyce Box. Cloyce Box's name does not appear on any of the negotiable paper.

Cloyce Box, in answer to an inquiry from appellee, wrote Mr. Hommel on December 20, 1957 in which he said, in part:

"As is well known to you, I was not connected with this venture save and except the fact that I did sign an agreement, the exact nature of which

**692**

I am not familiar as I do not have a copy, but in essence I believe agreeing to guarantee any just and legal claim that your company might have in connection with this venture.

\* \* \* \* \* \*

"Inasmuch as Boyce is in the process of moving to Amarillo, Texas I have not had a chance to talk with him personally about this matter. However, I think in all fairness he must be given an opportunity to pay this obligation. Thereafter if he does not and such obligation a legal and binding one, the writer will make arrangements to pay it."

Appellee made no effort to bring an action based upon a written guarantee as evidenced by this letter. From this summary of the testimony we are unable to say that there is any evidence of probative force that would establish the relation of partnership between Cloyce and Boyce Box as to the matters made the basis of this litigation. Hommel's testimony is vague and uncertain as well as contradictory. He says nothing more than that Cloyce and Boyce Box "were to form a partnership." There is no evidence whatever that they were partners at the time of the assignment of the notes to Associates Investment Company or at any other relevant time. There being no evidence of probative force to create a legal liability on Cloyce Box as partner with Boyce Box in Box Auto Sales, we hold that the judgment against him was improper.

The judgment of the trial court, insofar as it relates to Boyce Box, is affirmed. The judgment of the trial court as it relates to Cloyce Box, is reversed and here rendered that appellee take nothing against him. Costs are adjudged one-half against Boyce Box and one-half against Associates Investment Company.

Affirmed in part and reversed and rendered in part.