Patsy Ruth McHONE, Appellant,

v.

William Roy McHONE, Sr., Appellee.

No. 4846.

Court of Civil Appeals of Texas.

Waco.

Dec. 18, 1969.

Rehearing Denied Jan. 22, 1970.

Diamond J. Pantaze, Haskell H. Cooper, Dallas, for appellant.

Sam C. Rodehaver, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Patsy Ruth McHone from a judgment awarding plaintiff William Roy McHone a divorce, dividing property, and requiring plaintiff to pay $150. per month support for minor child awarded defendant.

Plaintiff William Roy McHone filed suit for divorce on January 2, 1968 against defendant Patsy Ruth McHone alleging

cruel treatment, and defendant filed her Original Answer and Cross Action on January 9, 1968. The case was set for jury trial for September 17, 1968, November 19, 1968 and November 25, 1968, the last date being that on which trial began. On the morning of November 25, 1968 defendant tendered for filing her Amended Answer wherein she alleged for the first time the affirmative defense of condonation. Plaintiff objected to the filing of such Amended Answer and the trial court sustained such objection. Trial was to a jury which found:

1) Defendant has been guilty of excesses; cruel treatment or outrages towards plaintiff.

2) Of such a nature as to render their further living together as husband and wife insupportable.

3) Plaintiff committed no acts of excesses, cruel treatment or outrages towards defendant.

3A) Plaintiff was not guilty of acts of cruelty toward defendant of such a nature as to provoke the cruel treatment found in Issue 1.

4) Plaintiff is not due monies from his employer earned but unpaid during the period May 3, 1968 to November 27, 1968.

6) Defendant did not prosecute her defense in good faith and with probable cause.

The trial court determined the matters of property division, custody and child support and thereafter entered judgment granting plaintiff divorce; awarded the child to defendant and decreed plaintiff pay $150. per month child support; awarded plaintiff certain properties, decreed plaintiff responsible for certain indebtnesses; and awarded defendant $5,263.97.

Defendant appeals on 14 points contending the trial court erred:

1) In refusing defendant leave to file amended answer pleading condonation.

2) In refusing defendant's request for trial amendment pleading condonation.

3) In excluding testimony that plaintiff had intimate relations with defendant after all alleged acts of cruelty occurred.

4) In refusing to submit an issue on condonation to the jury.

5) In awarding a grossly inadequate sum of money for child support.

6) In awarding defendant a grossly inadequate share of the community estate.

We revert to contentions 1 through 4. As noted the case was filed on January 2, 1968, and defendant answered on January 9, 1968. The case was set for jury trial for September 17, November 19, and November 25, 1968. On the morning of November 25, defendant tendered an amended answer alleging for the first time that plaintiff and defendant had intimate relations after the last act of alleged cruelty had occurred. The trial court sustained plaintiff's objection to the filing of such amended answer. Thereafter defendant's sister, testified without objection, that plaintiff told her he had slept with defendant since the filing of the case. Thereafter defendant attempted to testify as to alleged acts of condonation by plaintiff; plaintiff objected on the ground there was no pleading, and the trial court sustained such objection. Defendant then sought to file trial amendment pleading condonation; the plaintiff objected on the ground of surprise; and the trial court sustained plaintiff's objection. Defendant requested an issue on condonation which was refused by the trial court.

In this case defendant waited eleven months after the filing before attempting to file her amended answer, setting up the

new factual defense of condonation. This was done on the morning same was set for jury trial. The amendment thus would have required an entire reshaping of the plaintiff's case as a result of the new facts alleged by defendant. The trial court did not abuse its discretion under Rule 66 Texas Rules of Civil Procedure in such situation. Westinghouse Electric Corp. v. Pierce, 153 Tex. 527, 271 S.W.2d 422 is directly in point and holds that, "to require the trial court to permit amendments such as the one filed in this case would disrupt orderly procedure and lead to frequent interruptions and interminable delay in concluding expensive jury trials. McDonald's Texas Civil Practice, Vol. 2, P. 737." To the same effect are: Box v. Associates Investment Co., CCA (NWH), 389 S.W.2d 687; Tanenbaum Textile Co. v. Sidran, CCA (NRE), 423 S.W.2d 635; First National Life Ins. Co. v. Herring, CCA (Null), 318 S.W.2d 119; Dyche v. Simmons, CCA (NRE), 264 S.W.2d 208; Pavlas v. Pavlas, CCA (NWH), 428 S.W.2d 880.

■ The foregoing is applicable to the tendered trial amendment. Further, defendant did not move for continuance on the ground that the amended answer was refused,[1] and did not move for continuance after refusal of the trial amendment.

■ Since there was no pleading of condonation, the trial court did not err in refusing to submit an issue on same. Condonation is an affirmative defense which should be plead in order to warrant the submission of issues thereon. Cote v. Cote, CCA, Er. Dismd., 404 S.W.2d 139; Oxspring v. Oxspring, CCA, Er. Dismd., 393 S.W.2d 369; Ritter v. Ritter, CCA (NWH), 395 S.W.2d 655.

Defendant's 5th contention asserts the trial court awarded an inadequate sum of money for support of the couple's one child; and defendant's 6th contention complains of the share of community estate the trial court awarded defendant.

■ The parties were married on August 12, 1967 and finally separated on December 23, 1967. Both parties had been previously married; the defendant was receiving child support from a former husband; and plaintiff was paying child support to a former wife. The trial court found that defendant's gross income was $1370. per month; and found the value of community properties to be approximately $9500. The jury found that plaintiff was not due unpaid monies from his employer earned during the marriage. The judgment fixed the child support at $150. per month; and awarded defendant $5,263.97 as her share of the community estate.

Article 4638 Vernon's Ann.Tex.Civ.St. prescribes that the trial court shall divide the estate of the parties in such a way as the court shall deem just and right. We are unable to say from this record that the trial court acted arbitrarily, or that there is shown any abuse of discretion. See: Grant v. Grant, CCA (NRE), 351 S.W.2d 897; Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299; Caldwell v. Caldwell, CCA (NWH), 423 S.W.2d 140.

And we are unable to say from the record that the trial court acted arbitrarily or abused its discretion in the award of child support.

All of defendant's points and contentions are overruled.

The judgment is correct.

---

1. Defendant did move for continuance on other grounds, but such motion was not sworn to or verified by affidavit as required by Rules 251 and 252 TRCP.