Lloyd J. BADGETT, Appellant,

v.

Mary Frances Badgett ERSPAN, Appellee.

No. 17276.

Court of Civil Appeals of Texas,
Fort Worth.

Jan. 21, 1972.

Rehearing Denied Feb. 18, 1972.

Cox & Cox and J. P. Cox, Jr., Sherman,
for appellant.

Minor & Knight and Tom D. Jester, Jr., Denton, for appellee.

## OPINION

BREWSTER, Justice.

The appellee, Mrs. Erspan, instituted this suit against the appellant, Badgett, to recover a money judgment. Such a judgment was rendered against Badgett and he has appealed.

The basis of the suit filed by appellee was that in 1962 an El Paso District Court rendered judgment granting appellee, Mrs. Erspan, a divorce from appellant, Badgett, and decreeing that Mrs. Erspan was the owner of a ½ interest in retirement or pension benefit rights that had accrued to Badgett during the marriage of said parties by reason of Badgett's service in the United States Army and which benefits would be paid to Badgett upon his retirement from service in the Army. That El Paso decree also ordered Badgett to pay over to appellee, Mrs. Erspan, as they were paid to him, ½ of all such retirement benefits that were thereafter paid by the United States Government directly to Badgett. Mrs. Erspan alleged that Badgett did retire from the Army, and that the United States Government has paid to him retirement benefits and that Badgett failed and refused to pay her ½ thereof over to her. The judgment that is being here appealed from by Badgett awarded Mrs. Erspan a recovery from Badgett of $8,606.28, which sum represented Mrs. Erspan's ½ of the accrued retirement benefits that had been paid to Badgett and for which he had not accounted to appellee, plus accrued interest thereon.

By appellant's first point he contends that the trial judge erred in overruling his plea in abatement based on the grounds that there was still pending in the courts of the State of Nevada a prior suit which appellee here had there filed against this appellant seeking to recover on the same cause of action that is involved in this case. We overrule that point.

The fact that a plaintiff in a Texas case had prior to filing such case in Texas, filed a suit, that still pends, against the same defendant on the same cause of action in a court of a sister state is not ground for abating the Texas suit. Drake v. Brander, 8 Tex. 351 (Tex.Sup., 1852), (wherein the reasons for this rule are stated); Ellis v. Emil Blum Co., 242 S.W. 1099 (San Antonio, Tex.Civ.App., 1922, no writ hist.); Evans v. Evans, 186 S.W.2d 277 (San Antonio, Tex.Civ.App., 1945, no writ hist.); Biard & Scales v. Tyler Building & Loan Ass'n, 147 S.W. 1168 (Dallas, Tex.Civ.App., 1912, no writ hist.); and 1 Tex.Jur.2d, Abatement and Revival, Secs. 36 and 75.

By appellant's 2nd point he contends that the court erred in failing to grant his motion to dismiss that he filed and presented to the court on the day the case came on for trial.

Neither the statement of facts nor the transcript show that appellant urged a motion such as that referred to in his 2nd point or that such a motion was ever presented to the trial court, nor do they reflect that the court ever ruled on any such motion.

Any bill of exceptions that appellant might have had in this connection was lost when he failed to cause his motion to get into the transcript and when he failed to have the record show that the court made a ruling on such motion that was adverse to and harmful to him.

Appellant's 3rd point was that the court erred in proceeding to trial on plaintiff's first amended original petition that was filed on the day that the trial began without any order permitting its filing.

Rule 63, Texas Rules of Civil Procedure, provides: "Parties may amend their pleadings, . . . at such time as not to operate as a surprise to the opposite party; provided, that any amendment offered for filing within seven days of the date of trial . . . shall be filed only after

leave of the judge is obtained, which leave shall be granted . . . unless . . . such amendment will operate as a surprise to the opposite party."

The only difference between the amended and the original petition was that the amount of $6,238.00 asked for in the original petition was changed in the amended petition to $7,485.60, which change made current the amount of retirement benefits that had accrued to date of trial. The only other difference in such pleadings was the amount of attorney's fees asked for. This last feature went out of the case completely in view of the fact that no attorney's fees at all were allowed in the judgment appealed from.

The statement of facts shows conclusively that the trial court considered the amended petition because at the conclusion of the trial the judge said: "I am going to render judgment for the Plaintiff in the amount that she sued for, $7,485.60, plus legal interest from the time it was due, . . . ."

We therefore presume that the trial court granted leave to file the amended petition even though the granting of such leave does not appear of record.

In Lucas v. Hayter, 376 S.W.2d 790 (San Antonio, Tex.Civ.App., 1964, writ dism.) the court said: "Appellants assert that the trial court erred in rendering judgment on plaintiff's first amended original petition, which was filed on January 16, 1963, without leave of the court. This point is without merit and is overruled. An answer was on file and therefore no citation was necessary. The record does not show whether leave was had, and since this amended petition was considered by the court leave is presumed. U. S. Letter Carriers Mutual Benefit Ass'n v. Sypulski, Tex.Civ.App., 364 S.W.2d 840."

The record does not reflect that appellant has ever contended that the filing of the amended petition herein on the day of the trial operated to surprise him in any way. He makes no such contention in his brief. If the pleading did not operate to surprise appellant then under Rule 63 it was the duty of the court to allow the amended pleading to be filed. Scurlock Oil Company v. Roberts, 370 S.W.2d 755 (Texarkana, Tex.Civ.App., 1963, no writ hist.).

The question of whether or not a party will be permitted to file an amended pleading within the seven day period immediately preceding the date of the trial is a question that lies within the discretion of the trial judge, and his ruling thereon will not be disturbed on appeal unless the complaining party makes a clear showing that the court abused its discretion. See Box v. Associates Investment Company, 389 S.W. 2d 687 (Dallas, Tex.Civ.App., 1965, no writ hist.).

We hold that the trial court, under the facts of this case, did not abuse his discretion in permitting plaintiff's first amended petition to be filed on the day of the trial.

By his 4th and last point appellant contends that the court erred in failing to grant appellee a judgment for the present value of ½ of the monthly retirement benefits that will be paid during the period of defendant's life expectancy as shown by his supplemental answer and the evidence in the case. We overrule this point.

The evidence showed: that ½ of the monthly payment of retirement benefits that were paid each month by the government to appellant was $155.95; that appellant had a life expectancy of 27.31 years; that a monthly income of $155.95 for 27.31 years would total $51,107.93; and that the present value of such an income discounted at 6% for the same number of years is $24,844.71.

When appellee rested her case, the appellant filed a supplemental answer alleging those facts and then put on evidence to prove his allegations. He alleged that appellee had now sued him in two different states and prayed that if she recover

**384**

against him in this case that she also be given a judgment for the present value of her ½ of the monthly retirement payments that will accrue during the period of his life expectancy and that this be done in order to conclude the litigation between the parties on this matter forever.

The court did not do that and instead only rendered a judgment against appellant for ½ the monthly retirement benefits that had been paid to appellant to date of trial for which he had not accounted to appellee for her ½, plus interest on such payments to date of the trial.

 The trial court's judgment was for the correct amount. The El Paso judgment only awarded the appellee here the right to have appellant pay over to her, as they were paid to him, ½ of any and all such monthly retirement benefits that the United States Government actually paid to appellant. The only cause of action that appellee had against appellant at the time of trial was for a recovery of her ½ of the retirement benefits that had been paid to appellant and for which he had failed to account to her for her ½.

The judgment is affirmed.