**Annie ROEBER et vir, Appellants,**

v.

**John Charles DuBOSE et al., Appellees.**

No. 862.

Court of Civil Appeals of Texas, Corpus Christi.

May 16, 1974.

Rehearing Denied June 13, 1974.

R. L. Miller, Gonzales, for appellants.

Denver E. Perkins, Gonzales, for appellees.

## OPINION

BISSETT, Justice.

This is a suit for specific performance. John Charles DuBose and Jack M. Du-Bose, plaintiffs-appellees, filed suit against Annie Roeber and her husband, Oscar Roeber, defendants-appellants, to enforce a written contract for the sale of land made by and between Frank J. Saliger, as seller, and plaintiffs, as buyers. Trial was to the court without a jury. Judgment was rendered in favor of plaintiffs, and defendants were ordered to execute a general warranty deed conveying the land in controversy to plaintiffs. Defendants have appealed.

The subject land was conveyed to Frank J. Saliger by deed dated April 21, 1964. He was named therein as sole grantee. His wife died intestate in 1961 or 1962. He did not remarry. Frank J. Saliger, as "seller", and plaintiffs, as "buyers", entered into a written contract on August 20, 1966, whereby the seller contracted to sell and convey a described tract of land to the buyers for $16,000.00 cash, to be paid at time of closing and delivery of an executed general warranty deed. The land was resurveyed, and all curative work required by the title company for the issuance of a title policy was promptly completed. Frank J. Saliger died intestate on September 5, 1966, without having executed the deed. Annie Roeber, defendant herein, is the daughter and sole heir at law of the aforesaid decedents. The land, at all times subsequent to the death of Frank J. Saliger, has been owned by Annie Roeber as part of her separate property and estate.

Findings of fact and conclusions of law were filed. In addition to findings which are not challenged by a point of error in this appeal, the trial court found that the plaintiffs were at all times ready, willing and able to perform the contract, and that there was no agreement between the parties to rescind the contract.

Defendants, in point of error 1, contend that the trial court abused its discretion in refusing to allow them to amend their pleadings in order to allege that the defendant Annie Roeber owned a one-half interest in the land on the date the contract of sale was signed. They further

contend, in point 2, that the court erred in refusing to admit testimony "which showed an outstanding equitable title in the defendant Annie Roeber at the date the contract sought to be enforced was executed".

Plaintiffs filed suit on December 15, 1966; a copy of their original petition was served on defendants on January 25, 1967. Their attorney filed an original answer on February 13, 1967. It consisted of a general denial, pleas of lack of mutuality, laches, waiver, estoppel, and a composite plea that it would be unjust and inequitable to enforce the contract. On the morning of the trial, defendants filed an amended original answer which incorporated all of the defensive pleas set out in their original answer, and further alleged that there was a lack of a necessary party to the suit; that party then intervened in the suit. Ten minutes before the trial was due to begin, counsel for defendants asked leave of court to amend their pleadings in order that they might plead, as an additional defense, that the defendant Annie Roeber owned an equitable one-half interest in the land at the time the contract was executed, and as she did not sign the contract sued on it is not binding on her as to that half interest. Counsel for plaintiffs objected on the ground of surprise and further advised the trial court that the motion, being filed on the day of trial, "to set up this new defense comes too late", and while he recognized that it was within the court's discretion to refuse or grant leave to file the amended pleading, he resisted the granting of such leave. Defendants' sole argument was that it should be granted "in the interest of right and justice", even if the granting thereof would cause a postponement of the trial. Plaintiffs argued "if there is any fault, it would lie with defendant (Annie Roeber) herself for not advising him (her attorney) of it until this morning . . . this is the first time anybody ever heard of it . . . she has kept it a pretty good secret . . . seems like a dilatory tactic to me." The court refused leave to file the requested amended pleading, or to permit an amendment to the first amended original answer by interlineation, and the cause proceeded to trial.

■ Rule 63, Texas Rules of Civil Procedure, in part, provides:

". . . any amendment (of pleadings) offered for filing within seven days of the date of trial or thereafter, . . . shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such amendment will operate as a surprise to the opposite party".

The action by the trial court in refusing or denying leave to file amended pleadings is presumed to be correct and is subject to review only on a showing of abuse of discretion. Satterfield v. United Auto Supply, Inc., 424 S.W.2d 40 (Tex.Civ.App.—Fort Worth 1968), affirmed Tex., 448 S.W.2d 456.

While it is universally recognized that the rules permitting amendments to pleadings (Rules 63 and 66) should be liberally construed in the interest of justice, it is equally well established by numerous decisions that the action on the part of the trial court in granting or refusing the right to amend pleadings within the seven-day period preceding trial is a matter clearly within the discretion of the trial judge, and his decision will not be disturbed by an appellate court unless there is a clear showing of an abuse of discretion. Tanenbaum Textile Co. v. Sidran, 423 S.W.2d 635 (Tex.Civ.App.—Dallas 1967, writ ref'd n. r. e.); Badgett v. Erspan, 476 S.W.2d 381 (Tex.Civ.App.—Fort Worth 1972, n. w. h.); Box v. Associates Investment Company, 389 S.W.2d 687 (Tex.Civ.App.—Dallas 1965, n. w. h.); Domengeaux v. Kirkwood & Co., 297 S.W.2d 748 (Tex.Civ.App.—San Antonio 1956, n. w. h.).

The burden is on the complaining party to show that the trial court's action in granting or denying leave to file amended pleadings within seven days of trial was either arbitrary or was not justified by the

rules. Something more than a request and a refusal must appear in the record before an appellate court may properly say that a trial court abused its discretion or acted arbitrarily. Patino v. Texas Employers Insurance Association, 491 S.W.2d 754 (Tex.Civ.App.—Austin 1973, writ ref'd n. r. e.); Herrin Transportation Co. v. Parker, 425 S.W.2d 876 (Tex.Civ.App.—Houston 1st Dist. 1968, writ ref'd n. r. e.); Consolidated Copperstate Lines v. Standard Asbestos M. & I. Co., 378 S.W.2d 704 (Tex.Civ.App.—Fort Worth 1964, writ ref'd n. r. e.); Keelin v. Hamilton, 430 S.W.2d 268 (Tex.Civ.App.—Dallas 1968, n. w. h.); Weaver v. Bogle, 325 S.W.2d 457 (Tex.Civ.App.—Waco 1959, n. w. h.).

■ Annie Roeber testified that her father consulted with her on the matter of purchasing the subject land before it was conveyed to her father, and that she consented to the use of funds which she had inherited from her mother as part of the purchase price. She voiced no objection to the naming of her father as sole grantee in the deed. She engaged an attorney shortly after her father died. The matter of the contract of sale was discussed with her attorney. She had a conversation with the plaintiff Jack M. DuBose on September 17, 1966 relating to the contract of sale. She testified that she told him that she did not care to sell the property and that she would pay plaintiffs whatever expenses they had been out, but there is no evidence that she told him at that time, or at any time thereafter, that she owned an interest in the land at the time her father signed the contract. Nothing was mentioned in the original answer about any outstanding equitable title in Mrs. Roeber on August 20, 1966, when the contract was signed. The first amended original answer, filed on the morning of the trial without objection, contained nothing about her equitable interest in the land. For some reason, known only to defendants, the attorney for defendants was not informed that part of the money used by Frank J. Saliger in the purchase of the land belonged to Annie Roeber until just before the case was due to go to trial.

At the conclusion of the trial (September 23, 1971), the judge requested briefs. Plaintiffs filed theirs on April 4, 1973, and defendants filed theirs on April 23, 1973. Judgment was rendered on August 13, 1973. Defendants, in their brief in this Court, invite our attention to the interval of almost five years between the date suit was filed and date of trial, to the interval of one and a half years between trial and the filing of plaintiffs' brief in the trial court, and to the interval of about four months from the filing of defendants' brief to date judgment was rendered. They argue that these long intervals furnish compelling evidence that there was no urgency about trying the case on September 23, 1971, and that the granting of leave to file the amendment and postponing the trial would not have harmed plaintiffs in any respect. We note that at no time did defendants invite the court's attention to any alleged injury on account of any delay in any proceedings had at any stage in this case, nor did they, at any time, request any action by the court with regard to the intervals. The argument advanced does not present error. Moreover, at the conclusion of the trial, counsel for defendants stated to the trial court: "I will be glad to furnish brief, but your honor, I wish you wouldn't crowd us too hard on time . . . I hope that we will get plenty of time to do it". The court replied: "We will do that".

■ The granting of leave to file the requested amended pleading would, in all probability, have required a reshaping of plaintiffs' case as a result of the injection of a new and totally unrelated defense in the action. The mere fact that defendants had a new defense, without more, or that the court refused leave to file the amendment, of itself, is not sufficient to show that the trial court acted arbitrarily in the matter. On the morning of the

trial, and after defendants had, on that day, filed their first amended original answer, the plaintiffs had a right to assume that defendants would defend only upon the defenses contained in the pleadings which were then on file. The record reflects that the plaintiffs were prepared to proceed with their case in the face of the defenses set up in defendants' first amended original answer. It was within the power of defendant Annie Roeber herself to inform her attorney of her claim of equitable title to a half interest in the land in time for him to seasonably and timely file an amendment setting that up as a defense. There is no indication that defendants were prevented by anyone from so advising their attorney. No reason or excuse is shown by the record for the delay in informing defendants' attorney of such claim. Defendants did not withdraw their announcement of ready and did not move for a continuance after refusal, but proceeded to trial. It is not an abuse of discretion to deny leave to file an amended pleading or an amendment to a pleading on the day of trial when, to do so, would operate to change the factual basis of the lawsuit and would prejudice the opposite party. McHone v. McHone, 449 S.W.2d 488 (Tex.Civ.App.—Waco 1969, writ dism'd). See also Morris v. Jones, 403 S. W.2d 855 (Tex.Civ.App.—Beaumont 1966, writ ref'd n. r. e.); O'Meara v. Saunders, 199 S.W.2d 689 (Tex.Civ.App.—San Antonio 1946, writ ref'd n. r. e.).

Defendants do not claim that the amended pleading would not operate as a surprise to plaintiffs. The record conclusively shows that the new defense came as a complete surprise to plaintiffs, and no explanation was offered for the tardiness in apprising defendants' attorney of the facts upon which the claim rested. Defendants have not demonstrated that the ruling by the trial court was arbitrary, nor have they shown that the trial court abused its discretion in denying them leave to file the amended pleading. To require the trial court to permit the filing of an amended pleading of the nature of the one here presented, when all of the circumstances are considered, would make Rule 63 meaningless and would, in effect, disrupt orderly procedure and lead to frequent interruptions and interminable delay in conducting and concluding trials. Westinghouse Electric Corp. v. Pierce, 153 Tex. 527, 271 S. W.2d 422 (1954). Defendants' point 1 is overruled.

Defendants attempted to prove by the testimony of defendant Oscar Roeber that Annie Roeber owned an outstanding equitable title to an undivided one-half interest in the land on the date the contract sought to be enforced was executed. Plaintiffs objected to the introduction of any such testimony on the grounds that it contravened the "Dead Man's Statute", and that there were no pleadings to support the same. The objections were sustained. The excluded testimony is before us by bill of exception, and the action by the trial court is attacked by defendants' point of error 2. Defendants contend, first, that Oscar Roeber was not disqualified to testify by Article 3716, Vernon's Ann.Civ.St., since the land was the separate property of his wife, Annie Roeber, and he was only a pro forma party to the suit with no actual interest in the subject matter of the suit, and second, that such testimony was admissible under their general denial.

Under the well established rule, a general denial permits the introduction by a defendant of any evidence, not otherwise inadmissible, which directly rebuts the allegations of plaintiff, or which, by reasonable inference, shows the nonexistence of facts relied upon by plaintiff, or which tends to show that such allegations are untrue. Cuniff v. Bernard Corporation, 94 S.W.2d 577 (Tex.Civ.App.—Beaumont 1936, writ ref'd); 45 Tex.Jur.2d, Pleading, § 60, pp. 473–576. "The test that is applied is if the matter that the defendant seeks to assert as a defense injects a new issue into the case not raised by the pleadings, it must be specially pleaded in order to ren-

der evidence in support thereof admissible." Hammonds v. Roper, 493 S.W.2d 569, 572 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n. r. e.). With but one exception, the general denial is strictly a negative plea, which puts in issue only those allegations that plaintiff must establish in order to recover on the action brought by him. It does not open the door for evidence to support defensive matters which do not negative plaintiff's allegations, but tend to establish some independent reason why the plaintiff should not recover. Evidence which supports an independent ground of defense is admissible only when those grounds are specifically alleged, subject only to the exception that when the petition anticipates a defense which should have been raised by an affirmative plea in the answer, and the petition alleges propositions relied upon to destroy such defense, defendant may put such defensive matters in issue by a general denial. See Zeigler v. Latham, 144 S.W.2d 435 (Tex.Civ.App.—Fort Worth 1940, n. w. h.); McDonald, Texas Civil Practice, Vol. 2, § 723.2, pp. 215–216.

■ The defense of an equitable title in Annie Roeber injects a new issue in the case. It was not raised by defendants' pleadings which were on file at the time the testimony was offered. Plaintiffs' petition did not contain any allegation which indicated that plaintiffs anticipated such an affirmative defense; it did not put such matter in issue. Since there were no pleadings of an outstanding equitable title in Mrs. Roeber, we hold that it was not error for the trial court to exclude such testimony. We do not deem it necessary to decide whether or not the excluded testimony was admissible under Article 3716. Defendants' point 2 is overruled.

■ We next consider defendants' points of error 3 and 4, wherein it is claimed that the finding by the trial court that plaintiffs were at all times ready, willing and able to perform the contract is against the weight of the credible testimony (point 3), and that the court erred in failing to find that plaintiffs "had acted inconsistently with an intention to perform such contract while such contract was pending" (point 4). It is undisputed that on the morning of September 6, 1966, the plaintiff Jack DuBose was waiting for Frank J. Saliger in the office of Mr. Saliger's lawyer, ready to close the contract, when the news came that Mr. Saliger was dead. Shortly thereafter, there were conversations between Jack M. DuBose and Mrs. Roeber with respect to the contract of sale. The testimony of defendants as to what was said is at some variance with the testimony of Jack M. DuBose. A few days after Mr. Saliger's death the plaintiff John Charles DuBose called on defendants' attorney and discussed the contract of sale with him. There is a dispute in the record as to whether John Charles DuBose told defendants' attorney that he did not want anything further to do with the contract. In this connection, the trial judge found that Jack M. DuBose did not verbally agree with Annie Roeber to rescind the contract, and did not request a payment of $500.00 as expenses for finding another site for his poultry farm; and that John Charles DuBose did not ask to terminate the contract, and did not tell defendants' attorney that he wanted nothing further to do with the sale of the land involved. Counsel for plaintiffs wrote Annie Roeber on October 12, 1966 and again on November 1, 1966 and told her in each letter that plaintiffs were insisting that she comply with the aforesaid contract of sale. There is ample evidence of probative value to support the fact findings complained of in point 3; that finding is not against the weight of the credible testimony. The trial court did not err in failing to find that plaintiffs acted inconsistently with an intention to perform the contract. Defendants' points 3 and 4 are overruled.

■ The judgment rendered in this case ordered both defendants to convey the

land covered by the contract of sale to plaintiffs by general warranty deed. Defendants' points of error 5, 6 and 7, in effect, complain. that it was error to order them to execute a deed to plaintiffs with a general warranty of title to the land involved in this case. These points must be sustained. Neither defendant was a party to the contract, and Oscar Roeber did not own or claim any interest in the land. To require the defendants to execute a general warranty deed would make each of them assume the risk of warranting title to the property involved in this case, thereby imposing upon them a liability under a contract which they had not executed and to which they were not parties. Accordingly, defendants' points 5, 6 and 7 are sustained.

We have carefully considered defendants' remaining point of error. It is overruled.

The judgment, insofar as it decreed specific performance of the contract of sale against the defendant Annie Roeber, is affirmed. But, the judgment, insofar as it ordered the defendant Annie Roeber to convey a good and merchantable title to the land in question by the execution and delivery of a general warranty deed is reformed, and as reformed, judgment is here rendered that the defendant Annie Roeber, without joinder of her husband, Oscar Roeber, execute, acknowledge and deliver to the plaintiffs a deed to the land in question, which deed shall be without warranty. The judgment, insofar as it affects the defendant Oscar Roeber, is reversed, and judgment is here rendered that plaintiffs take nothing as to him. Costs in both the trial court and in this Court are taxed three-fourths to the defendant Annie Roeber and one-fourth to the plaintiffs. The judgment, except as reformed with respect to the defendant Annie Roeber, as reversed and rendered with respect to the defendant, Oscar Roeber, and as reformed as to court costs, is otherwise affirmed.

Affirmed in part, reformed in part, and reversed and rendered in part.