**Otila G. PLATA et al., Appellants,**

v.

**Teofilo GUZMAN et ux., Appellees.**

**No. 1303.**

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 21, 1978.

Rehearing Denied Oct. 12, 1978.

Polk Hornaday, Harlingen, for appellants.

J. L. Covington, Brownsville, for appellees.

## OPINION

YOUNG, Justice.

In this boundary dispute case the defendants appeal from the trial court's judgment granting the plaintiffs title to and possession of a strip of land that lies between and adjoins tracts owned by the contending parties.

Teofilo and Natividad Guzman sued Otila and Eustolia Plata seeking to establish the boundary between land owned by the Guzmans and the land owned by the Platas. Trial was to the court without a jury. The Platas appeal from the resulting judgment favorable to the Guzmans. We affirm.

The evidence indicates that the Guzmans own a ten and one-half acre tract of land which shares a common border with a fourteen and one-half acre tract of land owned by the Platas. The Guzman property is to the north of the Plata property. The Guzmans acquired their ten and one-half acre tract in 1972 from Mr. Adolph Thomae, Jr., who had owned and farmed the tract for two years. No disputes about the boundary between the property of Mr. Thomae and that of the Platas occurred during this two-year period.

In October of 1973 Ms. Eustolia Plata spoke to Mrs. Guzman and asked if she might occupy a strip of land four or five feet wide along the Guzmans' southern boundary in order to erect a cattle passage. Mrs. Guzman refused her request, and in November of 1973, the Guzmans having become concerned about their rightful boundary, asked R. P. Hanson, a professional engineer, to survey their property. The survey showed that the Platas had erected a fence about fifteen feet inside and along the entire length of the southern boundary of the Guzman property. This reduced the Guzmans' usable property to approximately ten acres. According to the directions of their surveyor, the Guzmans then built a fence on the south side of what the Platas called their fence and along the Guzmans' claimed border. This suit resulted, and the trial court granted judgment to the Guzmans for their property as described above and as shown to them by their surveyors.

■ Findings of fact and conclusions of law were neither requested nor filed. Appellants did bring forward a statement of facts and therefore we must presume upon appeal that the trial judge found every fact necessary to sustain the judgment, provided such fact is raised by the pleadings and is supported by the evidence. Further, in considering the sufficiency of the evidence in support of presumed findings, we must construe the evidence in the light most favorable to the judgment and disregard all evidence to the contrary and indulge every legitimate conclusion which tends to uphold the judgment. *Texas Construction Associates, Inc. v. Balli*, 558 S.W.2d 513, 517 (Tex. Civ.App.—Corpus Christi 1977, no writ).

Appellants bring seven points of error. In appellants' point 2 they contend that the trial court erred in refusing to allow them to amend their pleadings in order to allege that they had acquired title to the disputed property by adverse possession.

Appellees filed this suit on February 3, 1977, and appellants answered with a plea in abatement and a general denial on March 7, 1977. On April 21, 1977, the court held a hearing and overruled the plea in abatement. At that same hearing the court orally notified both parties that the case was set for trial at 2:00 p. m. on May 26, 1977. An order was entered of record reflecting the denial of the plea in abatement as well as the trial setting. The order notes that copies of the order were to be sent by the clerk to the parties.

At 2:00 p. m. on May 26, 1977, Mr. Covington, representing the appellees, appeared for trial but Mr. Hornaday, representing the appellants, failed to appear. The trial judge then requested the bailiff to call Mr. Hornaday. Even so, the trial commenced and proceeded in Mr. Hornaday's absence until 2:50 p. m., with Mr. Covington having questioned certain subpoenaed witnesses. At 3:20 p. m. the trial resumed with Mr. Hornaday present. He argued at this time that he had received no written notification of the trial, but he did admit that he was present at the pre-trial hearing when the time and date of trial was set. Whereupon the court summarized the testimony of the witnesses who testified in Mr. Hornaday's absence and then recessed the case until 9:30 a. m. the following day, May 27, 1977.

The following morning, appellants filed with the clerk an amended pleading which included a limitations defense. After announcing ready for trial, Mr. Hornaday asked leave of the court to amend the appellants' answer in order that they might plead the additional defense of limitations. Counsel for appellees objected on the ground of surprise. The court refused leave to file the requested amended answer.

■ Though Rules 63 and 66, T.R.C.P., which deal with pleading amendments should be liberally construed in the interest of justice, it is well established that the action of the trial court in granting or refusing the right to amend the pleadings within the seven-day period preceding trial is a matter within the discretion of the trial judge, and his decision will not be disturbed by an appellate court unless there is a clear showing of an abuse of discretion. *Roeber v. DuBose*, 510 S.W.2d 126, 128 (Tex.Civ. App.—Corpus Christi 1974, no writ). The burden is on the complaining party to show that the trial court's action in granting or denying leave to file the amended pleading within the seven-day period before trial was either arbitrary or unjustified by the rules. *Herrin Transportation Co. v. Parker*, 425 S.W.2d 876, 878 (Tex.Civ.App.—Houston [1st Dist.] 1968, writ ref'd n. r. e.). Something more than a request and a refusal

must appear in the record before an appellate court may properly say that a trial court abused its discretion or acted arbitrarily. *Roeber v. DuBose,* supra at 129.

In this connection, where it appears that the new matter was known to the parties seeking to file the amendment, or to their counsel, or by exercising reasonable diligence, it could have been known at such time as would have enabled them to include it in their former pleadings, or if it injects new matter, the request should be denied. *Lightner v. McCord,* 151 S.W.2d 362, 367 (Tex.Civ.App.—Amarillo 1941, no writ); 2 McDonald, Texas Civil Practice § 8.07 n. 59 (1970).

■ It can hardly be disputed that the limitations defense would have injected new matter into the trial and required a reshaping of plaintiff's case. See *McHone v. McHone,* 449 S.W.2d 488, 490 (Tex.Civ. App.—Waco 1969, writ dism'd). Limitations is an affirmative defense which must be specially pled. Rule 94, T.R.C.P. Appellants gave no explanation why it was not pled in their prior pleadings. Appellants, moreover, advanced no reason why the facts as to this defense were not available when this suit was filed. Mr. Hornaday did state that he was ill in the interim between the pre-trial hearing and the trial, but gave no reason why he could not have presented the defense at sometime prior to one day after the trial on the merits had begun. We think that the appellants have failed to demonstrate that the trial court's ruling was arbitrary, and that they have failed to show that the trial court abused its discretion. See *Purvin v. Lee,* 300 S.W.2d 339, 342 (Tex.Civ.App.—Waco 1957, no writ). Appellants' point 2 is overruled.

■ Appellants' point 1 contends that the judgment is too imprecise and uncertain to allow a writ of possession to issue. The test of the sufficiency of the judgment to cause a writ of possession to issue is whether an officer charged with the duty of executing the writ of possession could go upon the ground and, without exercising a judicial function, ascertain the locality of the land as fixed by the judgment. *Brown v.*

*Eubank,* 378 S.W.2d 707, 714 (Tex.Civ.App. —Tyler 1964, writ ref'd n. r. e.); 9 Tex. Jur.2d, Boundaries § 85 (1969). The judgment herein recites that plaintiffs recover title and possession of the premises described and bounded as follows:

"The north 10 acres and the north 16½ feet of the south 15 acres of the north 25 acres of Block 296, San Benito Irrigation Company Subdivision in Cameron County, Texas."

According to the evidence, this description was accurately drawn on a surveyor's plat and staked out on the ground. We hold that the description here as it refers to the recorded plat is sufficient. See *Kingelin v. Rogers,* 259 S.W.2d 245 (Tex.Civ.App.— Waco 1953, no writ). Appellants' point 1 is overruled.

■ Appellants' point 3 asserts that the trial court erred in refusing to admit any evidence as to the limitations defense. Because appellants' general denial did not put in issue the limitations defense, any testimony seeking to uphold such defense was properly excluded. *Roeber v. DuBose,* supra at 130–31. Appellants' point 3 is overruled.

■ By their point 4, the appellants urge that the trial court erred in overruling their plea in abatement because a prior pending suit with identical issues existed in the County Court at Law. The order of the trial court which overruled appellants' plea in abatement stated:

"And the court having considered the said plea in abatement and the argument of counsel, it is hereby ORDERED that said plea in abatement of Defendants shall be, and is hereby, overruled."

The order indicates that no evidence was introduced at the hearing on the plea and there is no other evidence in the record which would prove a prior pending suit. Under these circumstances we must presume the order of the trial court was correct. See *Street v. J. I. Case Threshing Mach. Co.,* 188 S.W. 725 (Tex.Civ.App.— Amarillo 1916, writ ref'd); 1 Tex.Jur.2d Abatement and Revival § 95 (1959). We overrule appellants' point 4.

Appellants' point 5 in effect claims that the evidence is insufficient to prove appellees' cause of action and that consequently plaintiffs have never been dispossessed by defendants. We hold otherwise.

■ The pleadings and the evidence of the parties show that the only issue involved is that of the location of a boundary between the tracts of land of the parties. Under these circumstances, it is not necessary for the plaintiff to prove title as required in the ordinary action of trespass to try title, i. e., the plaintiff is not required to establish an incontestable title from the sovereignty of the soil or from a common source. *Lee v. Grupe,* 223 S.W.2d 548 (Tex. Civ.App.—Texarkana 1949, no writ). The plaintiff does have the burden, however, to show by a preponderance of the evidence the location of such boundary line upon the ground. *Rodriguez v. Flores,* 403 S.W.2d 172 (Tex.Civ.App.—San Antonio 1966, no writ). In this case the appellees introduced the deed from their grantor, Mr. Thomae. This deed contained a clear description of the property transferred to them as we have set out earlier. Appellees further introduced a plat certified by R. P. Hansen, professional engineer, showing the exact location of the property described in the deed. Mr. Antonio Garcia also testified as the surveyor who took the field notes from which the plat was prepared. He testified that the appellants' fence was encroaching upon appellees' property by about fifteen feet along the entire southern boundary of appellees property.

The appellants attempted to counter this testimony by showing that the fence which was supposedly encroaching upon plaintiffs' land had been in that very position since about 1948, and had never been moved. On the contrary, several witnesses for the appellees testified that there was no standing fence at the location where the appellants' erected their fence prior to November 1973.

■ As we have mentioned earlier, there were no findings of fact or conclusions of law filed and thus we must view the evidence in the light most favorable to

the judgment. Accordingly, we find the evidence sufficient to support the judgment of the trial court. Appellants' point 5 is overruled.

Appellants' point 6 and 7 generally complain that the trial court abused its discretion in proceeding with the trial when the appellant was not given written notice of the trial. These points are without merit.

The evidence is undisputed and Mr. Hornaday admits that he was informed on April 21, of the trial setting for 2:00 p. m. on May 26. With this specific notification, formal notice of the trial setting was not required. *Plains Growers, Inc. v. Jordan*, 519 S.W.2d 633, 643 (Tex.Sup.1974). Mr. Hornaday made no effort to contact the court or to seek a continuance up to the time of trial. In view of these facts we conclude the trial judge did not abuse its discretion in proceeding with the case. *Marchyn v. Silva*, 455 S.W.2d 442 (Tex.Civ. App.—San Antonio 1970, writ ref'd n. r. e.). Appellants' points 6 and 7 are overruled.

The judgment of the trial court is affirmed.