IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-89-260-CV





ALL AMERICAN PIPELINE COMPANY,



 APPELLANT


vs.





WILLIAM EARL MORGAN AND WIFE, DARLENE MORGAN,



 APPELLEES



 




FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT



NO. 21,684, HONORABLE CHARLES E. LANCE, JUDGE 



 




 This appeal arises out of a condemnation proceeding
appellant All American Pipeline Company ("All American") initiated
against appellees William and Darlene Morgan ("the Morgans"). All
American argues that the trial court abused its discretion by not
allowing it to amend its petition in condemnation on the day of
trial. We will affirm the judgment of the trial court.

 All American instituted proceedings to condemn a fifty-foot wide strip of the Morgans' property in order to install a
crude oil pipeline. All American also sought to condemn an
additional fifty-foot wide strip of the Morgans' property for a
temporary construction easement. The case was presented to special
commissioners, who awarded the Morgans $10,669.40 in damages. The
Morgans objected to the award and the case proceeded to trial on
the sole issue of the amount of damages.

 One of the damage issues was the extent to which the
proposed pipeline would "sterilize" or "render unrecoverable"
62,934 cubic yards of sand and gravel located on the condemned
property. The record indicates that both parties anticipated a
substantial portion of the testimony to focus on the value of the
sand and gravel.

 On the day of trial, All American sought leave to amend
its petition in condemnation. The amendment would have allowed the
Morgans to reserve all rights to the sand and gravel deposits
within the proposed easement, thus removing this valuation question
from the proceeding. The trial judge did not permit All American
to amend its petition, noting on the amendment, "Not allowed as not
timely filed." The case was then tried to the court, which awarded
the Morgans $62,924 in damages for the taking and for the reduction
in value of their property, including the loss of the sand and
gravel.

 On appeal, All American argues in one point of error that
the trial court abused its discretion by refusing the amended
petition. All American suggests the trial court's action caused it
to condemn an excessive amount of property, and therefore to pay 
excessive damages.

 All American has the burden of showing that the trial
court abused its discretion in refusing the amendment. See Hardin
v. Hardin, 597 S.W.2d 347, 349 (Tex. 1980). We will not disturb
the trial court's ruling unless All American clearly shows an abuse
of discretion. See Id. at 349-50. In order to show an abuse of
discretion, All American must demonstrate that the trial court's
denial of the amendment was either arbitrary or unjustified by the
rules. See Forest Lane Porsche Audi v. G & K Services, 717 S.W.2d
470, 473 (Tex. App. 1986, no writ); Plata v. Guzman, 571 S.W.2d
408, 411 (Tex. Civ. App. 1978, writ ref'd n.r.e.).

 All American correctly states the general rule that a
condemnor may dismiss its suit as to a portion of land sought to be
condemned or may relinquish rights originally sought by
condemnation of an easement. See Texas Power & Light Company v.
Cole, 313 S.W.2d 524, 530 (Tex. 1958). However, the condemnor may
dismiss a portion of its suit only if the dismissal can be
accomplished without injury or prejudice to the landowner. Id. at
530; Thompson v. Janes, 251 S.W.2d 953, 955 (Tex. 1952). Thus, All
American will prevail on appeal only if it can show the trial court
arbitrarily or unjustifiably denied its amendment because the
amendment would not have injured or prejudiced the Morgans.

 The Morgans argue that the they expected the trial on
damages to focus solely on the value of the sterilized sand and
gravel deposits and that the amendment All American sought was "as
great a surprise as any condemnor could spring on a condemnee at
trial." The Morgans assert that, had the amendment been allowed,
the entire focus of the trial would have shifted from the valuation
of the sand and gravel deposits for mining to valuation based on
other potential uses of the land.

 A similar factual situation was addressed in State v.
Taylor, 721 S.W.2d 541 (Tex. App. 1986, writ ref'd n.r.e.). In
Taylor, the condemnor attempted to amend its petition in
condemnation during the trial to allow the landowner to reserve
greater rights than the landowner would have had under the original
petition in condemnation. The trial court refused to allow the
amendment; the court of appeals affirmed. Id. at 545-46.

 The court of appeals in Taylor noted that amendments of
pleadings in condemnation cases are governed by the Texas Rules of
Civil Procedure. Taylor, 721 S.W.2d at 544 (citing State v.
Nelson, 334 S.W.2d 788, 790 (Tex. 1960)). The amended petition in
Taylor was governed by Tex. R. Civ. P. Ann. 63 (Supp. 1991), which
provides that any pleadings, responses, or pleas offered for filing
within seven days of the date of trial or thereafter can be filed
only with leave of court. The trial judge must grant such leave
"unless there is a showing that such filing will operate as a
surprise to the opposite party." Id. 

 The court in Taylor held that, although the condemnor
"had a substantive law right to amend its petition for condemnation
in order to relinquish title or rights originally sought, that
right is not unbounded." Taylor, 721 S.W.2d at 545. The
condemnor's failure to timely amend its petition deprived the
condemnee of notice about the nature and extent of the taking on
which his right to damages rested. Id. at 546. The court
supported this conclusion by reasoning that the condemnee's
property-value witnesses had spent many hours investigating
comparable sales and viewing the property involved in the case. If
the trial judge had permitted the late filing of the amendment, it
would have been necessary to postpone the trial in order to allow
the value witnesses to re-inspect the property, re-think their
appraisals, and perhaps revise their opinions as to the condemnee's
damages. This would have impaired the credibility and
effectiveness of the witnesses. The court in Taylor concluded that
pursuant to Rule 63, the trial judge could reasonably have
determined that the condemnee was surprised by the amended petition
which, if permitted, would have prejudiced the condemnee's case
before the jury. The court therefore held that the trial judge did
not abuse his discretion in refusing to permit the filing of the
amendment. Id. at 546.

 In this cause, All American attempted to amend its
petition on the day of trial. The trial court in this cause had
the opportunity to hear the parties' arguments supporting and
opposing the amended petition. The Morgans argued that their
experts were prepared to testify only as to the value of the sand
and gravel on the land. The trial court found that the Morgans
would be injured or prejudiced if the amendment were granted, as
indicated by its statement that the amendment "would operate as an
unfair advantage [to All American] and surprise [to the Morgans]." (1) 
The trial court therefore denied the amendment.

 We hold that the trial court did not abuse its discretion
by refusing All American's amended petition in condemnation. We
therefore overrule the point of error, and affirm the trial court's
judgment.





 

 Mack Kidd, Justice

[Before Justices Powers, Aboussie and Kidd]

Affirmed

Filed: August 14, 1991

[Do Not Publish]
1. All American argues that the Morgans could not have been
surprised by its attempt to amend its petition in condemnation on
the day of trial. In support of this proposition, All American
cites Texas Power & Light Company v. Cole, 313 S.W.2d 524, 530
(Tex. 1958). Cole is distinguishable from this cause because, in
that case, the amendment was apparently made some time before trial
and did not prejudice the condemnee. Id. All American also cites
State v. Frost, 456 S.W.2d 245, 260 (Tex. Civ. App. 1970, writ
ref'd n.r.e.) for the proposition that a condemnor may amend its
petition during trial without causing injury to the condemnee. 
However, Frost is distinguishable because the proposed amendment in
that case was simply a clarification of the original pleadings. 
Id. In this cause, the amendment, if allowed, would have changed
substantially the issues to be litigated at trial.