Lewis A. HARBERSON et al., Appellants,

v.

John LAWHON, County and District Attorney, et al., Appellees.

No. 17594.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 10, 1975.

Rehearing Denied Feb. 14, 1975.

David C. White, Denton, for appellants.

Griffin, Shelton & Eames, and Gary W. Shelton, Denton, and Saner, Jack, Sallinger & Nichols, and Tim Kirk and B. Robert Baker, Dallas, for appellees.

OPINION

SPURLOCK, Justice.

This is a suit brought by Lewis A. Harberson and others against John Lawhon, County and District Attorney of Denton County, Texas, and the Sanger Independent School District of Denton County,

Texas, and others, to contest an election held in the Independent School District to determine whether or not the District should be authorized to issue bonds for the construction of and equipment for school buildings in the District. A trial before the Court without a jury resulted in judgment against the contestants. From such judgment the contestants appealed.

Election was held on April 20, 1974. The resident, qualified electors who owned taxable property in the School District voted 303 for the issuance of the bonds and 288 votes against their issuance. In addition to the above, the proposition received 17 votes for and 7 votes against the issuance of the bonds from all other residents who did not own taxable property in the District.

The point is stipulated that four votes cast for the issuance of the bonds of those owning property were illegally cast and should not be counted, leaving a total vote of the taxpayers as being 299 for and 288 against. The court found that these were valid and legal votes.

This appeal is from that judgment, predicated upon three (3) points of error. They are: (1) in refusing to allow the contestants to file their trial amendment; (2) in failing to find that 16 absentee votes were illegal and should not have been counted; (3) in failing to find that it was an impossibility to determine the true will of the majority of the voters participating in the said election.

We affirm.

The points above defined will be discussed in the order listed.

(1) After all parties had rested contestants offered a trial amendment which was denied whereupon contestants and contestees closed and the court rendered judgment from the Bench.

■ The action of the trial court is presumed correct and is subject to review only on showing of an abuse of discretion. From a review of the record we cannot say that the trial court abused its discretion in denying the filing of the trial amendment tendered by contestants. Even if the trial amendment had been filed, it would not have affected the judgment rendered herein. Keelin v. Hamilton, 430 S.W. 2d 268 (Tex.Civ.App., Dallas 1968, no writ hist.); Leong v. Wright, 478 S.W.2d 839 (Tex.Civ.App., Houston 1st Dist., 1972, ref., n. r. e.). The point is overruled.

■ (2) Some irregularities existed in the absentee voting. The complaint is made of these irregularities. In general, the statutes regulating the manner of holding an election are directory and a departure from their provisions will not ordinarily invalidate an election, unless such departure affects or changes the result of the election. The contestants failed to show that any of the alleged irregularities affected or changed the result of the election. There is no showing of fraud. Hill v. Smithville Independent School Dist., 251 S.W. 209 (Tex.Com.App., 1923); City of Roma v. Gonzalez, 397 S.W.2d 943 (Tex. Civ.App., San Antonio 1965, ref., n. r. e.); Roberts v. Hall, 167 S.W.2d 621 (Tex.Civ. App., Amarillo 1942, no writ hist.). This point is overruled.

■■ (3) The will of the majority of the voters participating in the election was determined. A ballot box was opened without a court order at the request of the contestants so they could obtain material for this contest. They are not now in a position to complain of that occurrence. There was no showing of anything more than minor irregularities in the conducting of the election. Little v. Alto Ind. Sch. Dist. of Alto, Cherokee Cty., 513 S.W.2d 886 (Tex.Civ.App., Tyler 1974, no writ hist.); Marks v. Jackson, 130 S.W.2d 925 (Tex.Civ.App., Galveston, 1939, writ dism.). This point is overruled.

The judgment is affirmed.