Mary Ann SIGLER, Appellant,

v.

FROST BROTHERS, INC., Appellee.

No. 6628.

Court of Civil Appeals of Texas, El Paso.

Sept. 14, 1977.

Glenn B. Lacy, San Antonio, for appellant.

Lang, Cross, Ladon, Boldrick & Green, Mark J. Cannan, Stephen Lang, San Antonio, for appellee.

## OPINION

WARD, Justice.

Frost Brothers, Inc., filed suit on a sworn account against Mary Ann Sigler, the account being for the balance owing for purchases made from that department

store. Trial was to the Court without a jury and judgment was entered for the Plaintiff for the full amount of the account. We affirm.

The suit was filed in June, 1975, and the original answer was filed in August. The Plaintiff's first amended original petition was filed on June 11, 1976, and the case was thereafter set for trial on July 7, 1976. On the day preceding trial, Appellant filed her first amended original answer without leave of Court being first had and obtained. The next morning, which was the day of trial, the Plaintiff filed its motion to strike the first amended answer and asserted the lateness in the filing and surprise because of certain forgery allegations made in the answer. The first amended original answer was stricken and the Defendant then filed her second motion for continuance, which in substance asked that more time be granted to her in order that many of the matters which were set forth in the stricken pleading could be acted upon by the Court. This motion was overruled. The case proceeded to trial and judgment was entered for Frost Brothers, Inc.

■ The Appellant's first three points are related and are to the effect that the trial Court committed error in overruling her second motion for continuance, in striking her first amended original answer, and in striking the affidavit filed therewith. The matter of the granting of a continuance rests within the discretion of the trial judge and an order granting or denying a motion will not be disturbed on appeal unless there was an abuse of discretion. *Sralla v. Sralla,* 524 S.W.2d 557 (Tex.Civ.App.— San Antonio 1975, no writ). There was no such abuse in this case. The Appellee's first amended original petition had been filed for almost a month prior to the motion for continuance being filed. This petition had incorporated the invoices which Appellant claims in her motion for continuance were not legible. The Appellant had more than an adequate time before trial in which to assert these complaints, but she chose to wait until the day of the trial to bring these matters to the attention of the trial Court.

Lack of due diligence by a party is an adequate ground for denial of a motion for continuance. The lack of diligence was shown and the denial of the motion for continuance was proper. *Fritsch v. J. M. English Truck Line, Inc.,* 151 Tex. 168, 246 S.W.2d 856 (1952); *Wohlenberg v. Wohlenberg,* 485 S.W.2d 342 (Tex.Civ.App.—El Paso 1972, no writ).

■ In regard to the action of the trial Court in striking the Appellant's pleading, which was filed one day prior to the day of trial, it is first noted that the pleading was the first amended original answer to be filed by the Appellant, and it was not a supplemental answer as now asserted by the Appellant. Rule 63, Tex.R.Civ.P., provides that any amended pleading offered for filing within seven days of the date of trial or thereafter shall be filed only after leave of the judge is obtained, which leave shall be granted unless there is a showing that such amendment will operate as a surprise to the opposite party. The action on the part of the trial Court in refusing the right to file the amended pleadings within the seven-day period is a matter clearly within the discretion of the trial Court, and its decision will not be disturbed on appeal unless the complaining party makes a clear showing of abuse of discretion, i. e., that the action was arbitrary or that it resulted in substantial and consequential injury to an appellant. *Box v. Associates Investment Company,* 389 S.W.2d 687 (Tex.Civ.App.— Dallas 1965, no writ). We find no abuse of discretion in this record, and there has been no showing of injury or harm as a result of the striking of the belated pleading. The Appellant has offered no evidence or explanation at the hearing nor on her motion for new trial as to the reason why her first amended original answer could not have been filed until July 6, nor has an explanation been made as to why the special exceptions contained therein could not have been filed and presented to the trial judge at an earlier time. That part of the amendment which, for the first time, raised the question of forgery would have required a reshaping of the Plaintiff's cause of action and an

unnecessary delay in the trial. Its lateness was not explained and the validity of the defense has never been substantiated in any manner. In that regard, no harm has been shown. *McHone v. McHone,* 449 S.W.2d 488 (Tex.Civ.App.—Waco 1969, writ dism'd).

Repeated complaints are contained in the pleading that many of the items in the account were not legible and, therefore, the Appellant had no means by which to prepare a defense to the account. In this regard, the facts as developed reflect no harm. Granted that many of the photostatic copies are not legible, the Plaintiff's credit manager filed his affidavit of proof with the records attached as provided by Article 3737e, Sec. 5, Tex.Rev.Civ.Stat.Ann., and thereafter the microfilm records at Frost Brothers were made available to the Appellant. They were examined by her and, under the rule, could have been copied. Although she testified that these microfilm records were also unintelligible, testimony of the credit manager was to the contrary and obviously this testimony was believed by the trial Court. Under these circumstances, the Appellant had an ample opportunity to have copied any of the records available and to have properly prepared any defense.

The stricken pleading contained an affidavit by the Appellant where she again set forth her various defenses and attempted to deny the correctness of many of the items of the sworn account in the manner contemplated by Rules 93(k) and 185, Tex.R.Civ.P. In the affidavit she also admitted the correctness of a part of the account. She states in her affidavit that: "the account which is the foundation of the Plaintiff's action is not just *or* true in part." Since she is not denying the entire account, she has used the wrong language. If a defendant's sworn denial is levelled at only some specified item or items, he must state that "some specified item or items are not just *and* true." The sworn denial was insufficient and, therefore, she would not have been permitted to deny the Plaintiff's claim or any item included therein, even if this portion of her pleading had not been stricken. Cases have interpreted Rules 93(k) and 185 in a manner that requires strict adherence to the requirements of those rules. A denial of the verified account must be in the terminology of the rules and if not, the Defendant will not be permitted to deny the Plaintiff's claim or any item included therein. *Oliver Bass Lumber Company v. Kay and Herring Butane Gas Company,* 524 S.W.2d 600 (Tex. Civ.App.—Tyler 1975, no writ); *Edinburg Meat Products Company v. Vernon Company,* 535 S.W.2d 432 (Tex.Civ.App.—Corpus Christi 1976, no writ). The action of the Court in striking the pleading and the attached affidavit was neither arbitrary nor injurious.

By her last points, Appellant asserts that even without the stricken pleading she should have been permitted to raise her defenses of statute of limitations and that certain third parties were the ones who actually purchased the goods in question. We fail to find where the Appellant at any time attempted to introduce any evidence in regard to these matters. No error is reflected.

We have considered all of the Appellant's points and they are all overruled. The judgment of the trial Court is affirmed.