John S. HASKELL and Haskell Langdon Trading Corp., Appellants,

v.

BORDER CITY BANK, Appellee.

No. 08–81–00290–CV.

Court of Appeals of Texas, El Paso.

March 23, 1983.

Stanley M. Serwatka, Johnson, Allen & Serwatka, P.C., El Paso, for appellants.

Phillip C. Bowen, Johnson & Bowen, El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

This is an appeal from a judgment on a $20,000 check granted after a contested non-jury trial. We affirm.

Appellee sought and obtained service below under Art. 2031b, V.A.C.S. upon John S. Haskell and Haskell Langdon Trading Corp, Appellants. A special appearance was filed by Appellants pursuant to Rule 120a, Tex. R.Civ.P. After a hearing on the motion on March 30, 1981, the court entered its order denying it. Appellants then filed their original answer and on June 26, 1981, trial was held and the judgment appealed from entered.

Appellants assert six points of error. The first concerns the overruling of Appellants' special appearance in that Appellee's petition failed to allege specifically that the corporation was a foreign corporation and Haskell, individually, a non-resident. The second complains that no evidence was introduced to establish John S. Haskell's personal amenability to suit in Texas. The third deals with the court's finding John S. Haskell personally liable on the check. Points four, five and six are in regard to the trial court's finding that the Appellants' first amended answer was filed too late, that there was no novation and that an election of remedies was not a bar.

■ We first consider the absence of specific pleading by Appellee that the corporation was a foreign corporation and Haskell a non-resident. Appellee acknowledges that its petition did not allege these matters in precise words and argues that Appellants obviated any omission by admission in the special appearance motion itself. An examination of this complete record reveals that at no time prior to this appeal did Appel-

lants point out such an omission. In fact, in Appellants' motion under Rule 120a, Tex.R. Civ.P., under oath, Appellants alleged, "Defendants are not residents of Texas..." Nor was complaint made during a presentation of the special appearance motion, nor in argument thereon, nor in any pleading nor in Appellant's motion for a new trial. No additional findings of fact or conclusions of law were requested by Appellants to perpetuate these omissions. Residency was simply not an issue. Had it been timely ·raised, Appellee's pleadings could have been amended, but it was not, and the court proceeded to trial. In any event, "amenable to process," is the gist of the Rule 120a proceeding, and that relates to the power of the court, not to form. The real question is whether the state court could obtain jurisdiction over the Appellants on the claim asserted. Defective service or defective process does not authorize the use of special appearance. McDonald, Texas Civil Practice, sec. 9.05.3. This was not a default judgment situation but rather a vigorously defended lawsuit. For that reason, we do not follow *McKanna v. Edgar,* 388 S.W.2d 927 (Tex.1965) and the progeny of that case. Our Supreme Court in *Collins v. Mize,* 447 S.W.2d 674, (Tex.1969) distinguishes between the particularity of pleading required to sustain a default judgment against a direct attack and that which otherwise is required. We believe that under the specific facts of this case, any defect in pleading was waived and has not been preserved for review. Rule 90 Tex.R.Civ.P. Point of error number one is overruled.

■ In his second point, Appellant John S. Haskell complains that there was no evidence to prove him amenable to Texas process. It was Appellant's burden at the special appearance hearing to show that he was not amenable to such process. *Read v. Cary,* 615 S.W.2d 296 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.); *Miller v. Miller,* 575 S.W.2d 594 (Tex.Civ.App.—El Paso 1978, no writ); and *Hoppenfeld v. Crook,* 498 S.W.2d 52 (Tex.Civ.App.—Austin 1973, writ ref'd n.r.e.). This burden Appellant failed to

carry. Other than the affidavits, which this Court has held to be hearsay and inadmissible on this question, *Main Bank & Trust v. Nye,* 571 S.W.2d 222 (Tex.Civ.App.—El Paso 1978, ref'd n.r.e.), Appellant presented no evidence to establish lack of amenability. Absent such evidence, the trial court's ruling should not be disturbed. *Gubitosi v. Buddy Schoellkofp Products, Inc.,* 545 S.W.2d 528 (Tex.Civ.App.—Tyler 1976, no writ); *Smith v. Reynolds,* 533 S.W.2d 861 (Tex.Civ.App.—San Antonio 1976, no writ). Point of error number two is overruled.

■ Point three urges error in the court's finding that John S. Haskell offered no evidence that his liability as disclosed on the face of the check had been "otherwise established between the parties" as provided in Section 3.403(b)(2) of the Texas Business and Commerce Code. Such a complaint must be based upon the pleadings of an affirmative defense pursuant to Rule 94 Tex.R.Civ.P. This was pled only in the amended answer that was excluded. Even had the pleading been received, the position should be denied nevertheless. The burden was on John S. Haskell to disprove his personal liability within the meaning of the cited Section 3.403(b)(2). This he failed to do. *Griffin v. Ellinger,* 538 S.W.2d 97 (Tex. 1976). There must be an affirmative disclosure of intent to sign as a representative. Uncommunicated intent will not suffice. *Griffin,* supra; *Seale v. Nichols,* 505 S.W.2d 251 (Tex.1974); see also *Alsup v. Mercantile National Bank,* 591 S.W.2d 308 (Tex.Civ. App.—Corpus Christi 1979, no writ); and *Winston v. Lake Jackson Bank,* 574 S.W.2d 628 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ). There is no evidence in the record to support Haskell's contention that he should not be held personally liable on the check. Point of error number three is overruled.

■ Point four alleges the trial court erred in finding that Appellants' first amended answer was filed too late and came as a surprise to Appellee's counsel. Leave to file an amended pleading within seven days of trial, as here, shall be granted unless there is a showing that such amendment operates as a surprise. Rule 63, Tex. R.Civ.P. Such denial is within the discretion of the court and the burden is on the complaining party to show an abuse of discretion. *Hardin v. Hardin,* 597 S.W.2d 347 (Tex.1980). Appellee objected to the filing of the amended answer as being untimely. Where this is done, the objection need not include the word "surprise." *Hardin,* supra. Appellants have failed to show the court's denial was either arbitrary or an abuse of discretion. Nor have they adequately shown that the newly raised defensive matters could not have been urged in their original answer. See *Plata v. Guzman,* 571 S.W.2d 408 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.); *Sigler v. Frost Bros. Inc.,* 555 S.W.2d 813 (Tex.Civ.App.—El Paso 1977, no writ). Nor have Appellants shown resultant harm from the denial. *King Optical v. Automatic Data Processing of Dallas, Inc.,* 542 S.W.2d 213 (Tex.Civ.App.—Waco 1976, writ ref'd n.r.e.). It is harmless if the denial would not have affected the judgment rendered. *Harberson v. Lawhon,* 518 S.W.2d 840 (Tex.Civ.App.—Fort Worth 1975, no writ). The trial court here deferred its ruling on the motion to strike the amended answer and heard evidence related to the matters raised therein. As discussed hereafter, the judgment would not have been affected even if the amended answer had been allowed. Point of error four is overruled.

■ Points five and six urge the court erred in holding that no novation took place when Appellee accepted a note from a third party, not a party to this suit, and in holding that Appellee was not barred from proceeding against Appellants because of an election of remedies. Neither of these points is sustainable. The addition of a second obligor on a debt does not give rise to a presumption that the first has been released. *Chastain v. Cooper & Reed,* 257 S.W.2d 422 (Tex.1953); *Russell v. Northeast Bank,* 527 S.W.2d 783 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). Further, the bar of an election does not apply to the assertion of distinct causes of action against different parties arising out of inde-

pendent transactions with such parties. There is no election where the remedies are neither inconsistent nor repugnant. *Lomas & Nettleton Co. v. Huckabee*, 558 S.W.2d 863 (Tex.1977); *American Savings & Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581 (Tex.1975); and *Custom Leasing, Inc. v. Texas Bank & Trust Co. of Dallas*, 491 S.W.2d 869 (Tex.1973). Points five and six are overruled.

The judgment of the trial court is affirmed.