ACCEPTED
04-14-00827-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
4/10/2015 5:26:37 PM
KEITH HOTTLE
CLERK

**No. 04-14-00827-CV**

IN THE COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS
AT SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
04/10/2015 5:26:37 PM
KEITH E. HOTTLE
Clerk

PT INTERMEDIATE HOLDING, INC. AND PERSONAL TOUCH HOLDING CORP.,
Appellants,

v.

LMS CONSULTING LLC,
Appellee.

On Appeal from the 45th Judicial District Court, Bexar County
Honorable Peter Sakai of the 225th Judicial District Court, Presiding

---

**SURREPLY OF APPELLEE LMS CONSULTING LLC**

---

Taylor Dunham and Rodriguez LLP
David E. Dunham
State Bar No. 06227700
ddunham@taylordunham.com
Jennifer Tatum Lee
State Bar No. 24046950
jtatum@taylordunham.com
Isabelle M. Antongiorgi
State Bar No. 24059386
ima@taylordunham.com
301 Congress Avenue, Suite 1050
Austin, TX 78701
Telephone 512.473.2257
Facsimile 512.478.4409

Law Offices of Alejandro Mora PLLC
Alejandro Mora
alejandro@morahealthcarelaw.com
7000 North Mopac Expressway
Suite 200
Austin, Texas 78731
Telephone 512.514.6683
Facsimile 888.320.0589 (fax)

Counsel for Appellee LMS Consulting LLC

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................ i

TABLE OF AUTHORITIES ........................................................................ ii

A. The Phrase "As Set Forth in Detail Above" Does Not Exclude Appellants from the Breach of Contract Allegations ............................................................2

B. Appellee Pled Jurisdiction Based on More than the Alter Ego Theory ...............3

C. Appellee Made No Judicial Admissions Negating Jurisdiction over Appellants ...............................................................................................6

D. Appellants' Arguments Fail because any Ambiguities Must Be Interpreted in Appellee's Favor ..............................................................7

E. Specific Jurisdiction Exists Based on the Tortious Interference Claim ..............8

PRAYER FOR RELIEF ..............................................................................9

CERTIFICATE OF SERVICE ..................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984)..................9

*Coleman v. Klöckner & Co.*, 180 S.W.3d 577 (Tex. App.—Houston
[14th Dist.] 2005, no pet.)..................................................................4, 5

*CSR Ltd. v. Link,* 925 S.W.2d 591 (Tex.1996) ..........................................9

*Favour Leasing LLC v. Mulligan*, Cause No. 05-13-01000-CV, WL
4090130 (Tex. App.—Dallas, Aug. 19, 2014, no pet.) ...................................4, 8

*Friesenhahn v. Ryan*, 960 S.W.2d 656 (Tex. 1998) ....................................7

*Haskell v. Border City Bank*, 649 S.W.2d 133 (Tex. App.—El Paso
1983, no writ)............................................................................7

*Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887 (Tex. 2000).....................6

*Huynh v. Nguyen*, 180 S.W.3d 608 (Tex. App.—Houston [14th Dist.]
2005, pet. denied).....................................................................3, 7

*Ji-Haw Indus. Co. Ltd. v. Broquet*, No. 04-07-00622-CV,--S.W.3d--,
2008 WL 441822 (Tex. App.—San Antonio, Feb. 20, 2008, no
pet.) ...............................................................................3, 5, 7

*Kelly v. Gen. Interior Const. Inc.*, 301 S.W.3d 653 (Tex. 2010)..........................5, 7

*Luxury Travel Source v. Am. Airlines, Inc.*, 276 S.W.3d 154 (Tex.
App.—Fort Worth, 2008) ...............................................................9

*Pulmosan Safety Equip. Corp. v. Lamb,* 273 S.W.3d 829 (Tex. App.—
Houston [14th Dist.] 2008, pet. denied) .................................................7

*San Pedro Impulsora de Inmuebles Espciales SA de CV v. Villareal*,
330 S.W.3d 27, 39 (Tex. App.—Corpus Christi 2010, no pet.) .........................3, 7

*Sherman v. Merit Office Portfolio, Ltd.*, 106 S.W.3d 135 (Tex. App.—Dallas 2003, pet. denied) ...................................................................6

*SITQ EU Inc. v. Reata Restaurants Inc.*, 111 S.W.3d 638 (Tex. App.—Fort Worth 2003, pet. denied)...............................................9

*Stauffer v. Nicholson*, 438 S.W.3d 205 (Tex. App.—Dallas 2014, no pet.) .........................................................................................3

*Tex. Parks & Wildlife Dept. v Miranda*, 133 S.W.3d 217 (Tex. 2004).....................7

*Wright v. Sage Eng'g, Inc.,* 137 S.W.3d 238 (Tex. App.—Houston [1st Dist.] 2004, pet. denied)...............................................................3

**Rules**

Tex. R. Civ. P. 90..............................................................................................7

Tex. R. Civ. P. 91..............................................................................................7

Tex. R. Civ. P. 120a(3) ......................................................................................3

In Appellants' Reply Brief, PT Intermediate Holding Inc. and Personal Touch Holding Corp. do not point to any evidence to negate the trial court's implied finding that they, acting under the name "Personal Touch Home Care Inc.," contracted with Appellee for the recruitment of employees in Texas and tortiously interfered with contracts performable in Texas. Instead, by selectively citing (and selectively ignoring) excerpts of Appellee's pleadings, they argue that Appellee failed to adequately plead and present these arguments to the trial court.

Appellants' arguments fail for the following reasons:

A. The phrase "as set forth in detail above" does not limit the scope of Appellee's allegations that all Defendants—including Appellants—breached the recruitment and staffing contracts;

B. Any defect in Appellee's pleading was waived because Appellants failed to challenge the same by special exception before the trial court;

C. Any ambiguity in the pleadings must be interpreted liberally in Appellee's favor and any findings necessary to support the judgment inferred;

D. Appellee more than satisfied its pleading burden by expressly alleging that Appellants did business in Texas and that Appellants, using the name "Personal Touch Home Care Inc.," entered into and breached the parties' recruitment contracts;

E. Appellee's allegations regarding the Texas entities' contractual obligations, do not contradict the allegations that Appellants contracted with Appellee or that Appellants recruited employees in Texas; and

F. Texas law supports the exercise of specific jurisdiction based on Appellants' intentional interference with contracts performable in Texas.

**A.** **The Phrase "As Set Forth in Detail Above" Does Not Exclude Appellants from the Breach of Contract Allegations**

In Plaintiff's Second Amended Petition, Appellee pleads breach of contract allegations against *all* Defendants, both before and after the "as set forth in detail above" phrase upon which Appellants rely. *See* CR 277 at ¶ 20, CR 279-80 ¶¶ 31, 33, 35, 37. The definition of "Defendants"—which expressly includes Appellants—appears on page one of Plaintiff's Second Amended Petition, CR 269, and is thus "set forth in detail above" the Appellee's breach of contract claims, which read as follows:

> As set forth in detail above, Defendants entered into valid and enforceable Staffing Agreements with LMSC. . . .
>
> Defendants, however, breached their obligations to pay LMSC amounts due under the Staffing Agreements. . . .[1]
>
> As set forth in detail above, Defendants entered into valid and enforceable Recruiting Agreements with LMSC. . . .
>
> Defendants breached their obligations to pay LMSC amounts due under the Staffing Agreements. . . . .

CR 279-80, ¶¶ 31, 33, 35, 37; *see also* CR 277 at ¶ 20 ("Defendants, however, have failed and refused to pay to LMSC amounts due and owing to LMSC under the Staffing Agreements."). Therefore, Appellants' attempt to defeat jurisdiction based upon the phrase "as set forth in detail above" is unavailing.

---

[1] The phrase "as set forth in detail above" does not appear in Paragraph 33 or 37 which allege that Appellants breach their obligations by refusing to pay amounts owed.

**B.      Appellee Pled Jurisdiction Based on More than the Alter Ego Theory**

Appellants ignore Appellee's statement in its Second Amended Petition asserting that "[t]he court has jurisdiction over [Appellants] also because both of these entities purposefully availed themselves of the privileges and benefits of conducting business in Texas."  CR 272 ¶ 11.  This general allegation alone is sufficient to satisfy Appellee's minimal pleading burden.  *Ji-Haw Indus. Co. Ltd. v. Broquet*, No. 04-07-00622-CV,--S.W.3d--, 2008 WL 441822, * 2 (Tex. App.—San Antonio, Feb. 20, 2008, no pet.)  *Stauffer v. Nicholson*, 438 S.W.3d 205, 212 n. 5 (Tex. App.—Dallas 2014, no pet.); ("The plaintiff is not required to detail all theories or basis of personal jurisdiction relied upon."); *Huynh v. Nguyen*, 180 S.W.3d 608, 619 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (same).

In addition to this jurisdictional allegation (CR 272 ¶ 11), and the express assertion that Appellants breached staffing and recruitment contracts with Appellees (CR 277 ¶ 20; CR 279-80 ¶¶ 31, 33, 35, 37), Appellee repeatedly asserted in its responses to the special appearances[2] that Appellants did business as "Personal Touch Home Care Inc.," that Appellee contracted with "Personal Touch Home Care Inc.," and that Appellants recruited employees in Texas.  CR 180-81

---

[2] *see also Wright v. Sage Eng'g, Inc.,* 137 S.W.3d 238, 249 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (responsive pleadings considered in assessment of plaintiff's pleading burden); Tex. R. Civ. P. 120a(3) ("The court shall determine the special appearance on the basis of the pleadings, such stipulations made by the parties, any affidavits and attachments filed by the parties."); *San Pedro Impulsora de Inmuebles Espciales SA de CV v. Villareal*, 330 S.W.3d 27, 39 (Tex. App.—Corpus Christi 2010, no pet.) (hereinafter "*Villareal*")(same).

¶¶ 1, 5; CR 233-239 (recruitment contracts); CR 248-256 (correspondence reflecting Appellants' recruitment of employees); CR 257-259 (employment application from Texas resident); CR 260-61 (employment offer to Texas resident); CR CR 328-330 ¶¶ 1, 6, 7; CR 49-50 ¶¶ 3, 5-6, 8-10, 14, 17, 18; CR 60-65.

*Coleman v. Klöckner & Co.*, 180 S.W.3d 577 (Tex. App.—Houston [14th Dist.] 2005, no pet.), on which Appellants rely[3] is distinguishable in two respects. First, the *Coleman* plaintiff's burden was greater than that imposed on Appellee. *Coleman* involved a single-business-enterprise veil piercing theory, which is not assessed under the general burden shifting analysis applicable here. For veil piercing theories, the burden is always with the plaintiff. Appellee's claims against Appellants are not limited to veil piercing claims, but rather include direct contract and tort claims, as well. *See* CR 269-88 ¶¶ 11, 20, 31, 33, 35, 37-42. Thus, Appellee needed only satisfy the minimal pleading burden to shift the burden to Appellants.

Secondly, where the plaintiff in *Coleman* failed to expressly plead veil piercing, Appellee expressly alleged that Appellants did business in Texas, CR 272 ¶ 11, directly breached the contracts calling for performance in Texas, CR 278-80,

---

[3]*Favour Leasing LLC v. Mulligan*, Cause No. 05-13-01000-CV, WL 4090130 (Tex. App.—Dallas, Aug. 19, 2014, no pet.), on which Appellants also rely, is inapposite as there was no allegation of waiver of jurisdictional arguments.

¶¶ 20, 31, 33, 35, 37, and tortiously interfered with the contracts of Texas residents that called for performance in Texas, CR 280 ¶¶ 38-42.

Further, the record reflects that the court considered Appellants' identity as the contracting party "Personal Touch Home Care Inc." *See* 2 RR 45:2-46:15. In *Coleman*, the court expressly noted that "there [wa]s nothing in the record to suggest that the trial court either expressly or implicitly considered the relevant factors of the single business enterprise." *Coleman*, 180 S.W.3d at 587.

Here the trial court considered all the evidence and properly interpreted Appellee's pleadings and responses liberally in Appellee's favor. *See Ji-Haw Indus. Co. Ltd.*, 2008 WL 441822, at * 2 (Tex. App.—San Antonio, Feb. 20, 2008, no pet.) (citing *Tex. Parks & Wildlife Dept. v Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)).

The trial court's implicit finding that Appellants acted as "Personal Touch Home Care Inc." with respect to the contracts at issue in this case is more than adequately supported by the record. *See Kelly v. Gen. Interior Const. Inc.*, 301 S.W.3d 653, 657 (Tex. 2010) ("[A]ll facts necessary to support the judgment and supported by the evidence are implied.").

**C.** **Appellee Made No Judicial Admissions Negating Jurisdiction over Appellants**

Appellants' judicial admissions argument fails. "A judicial admission must be a clear, deliberate, and unequivocal statement," and "occurs when an assertion of fact is conclusively established in live pleadings." *Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 905 (Tex. 2000).

Appellants fail to establish two necessary elements: (1) that the statements on which they rely were "deliberate, clear, and unequivocal;" and (2) that the statements are "not destructive of the opposing party's theory of recovery." *Sherman v. Merit Office Portfolio, Ltd.*, 106 S.W.3d 135, 140 (Tex. App.—Dallas 2003, pet. denied) (listing 5 elements).

Appellee never alleged that it did not contract with Appellants and never stated that Appellants did not recruit employees in Texas pursuant to the contracts at issue. Just as the assertion that the American flag is red does not contradict the assertion that it is also blue, the allegation that Appellants' subsidiaries entered into contracts with Appellants does not contradict and is not the "opposite" of the allegation that Appellants entered into those same contracts with Appellees. *Cf.* Reply at p. 5. Both Appellants and their Texas subsidiaries may be found to be parties (even breaching parties) to the recruitment and staffing contracts at issue, without any contradiction. In fact, this is precisely what Appellee's pleadings allege and what the evidence in the record supports, CR 269-88 ¶¶ 20, 31, 33, 35,

37; CR 180-81 ¶¶ 1, 5; CR 233-239; CR 248-256; CR 257-259; CR 260-61; CR CR 328-330 ¶¶ 1, 6, 7; CR 49-50 ¶¶ 3, 5-6, 8-10, 14, 17, 18; CR 60-65. There are gaps and assumptions in Appellants' reading of Appellee's pleadings, which could have been addressed, if truly warranted, by way of special exception, but never were.

## D. Appellants' Arguments Fail because any Ambiguities Must Be Interpreted in Appellee's Favor

To the extent any ambiguity existed in Appellee's pleadings, on appeal any such ambiguities must be construed in Appellee's favor. *Id.; see also Kelly*, 301 S.W.3d at 657.

"In determining jurisdictional pleas asserted by a defendant, [courts] take as true the pleadings and allegations of the plaintiff and review the pleadings and allegations in the light most favorable to the plaintiff." *Pulmosan Safety Equip. Corp. v. Lamb,* 273 S.W.3d 829, 839 (Tex. App.—Houston [14th Dist.] 2008, pet. denied); *see also Tex. Dep't of Parks & Wildlife*, 133 S.W.3d at 226; *Villarreal*, 330 S.W.3d at 38; *Ji-Haw Indus. Co.*, 2008 WL 441822, at *2; *Huynh*, 180 S.W.3d at 619.

Additionally, Appellants waived any alleged defect in Appellee's pleadings by failing to address it via special exceptions.[4] Tex. R. Civ. P. 90; *Haskell v.*

---

[4] Even if the trial court had sustained special exceptions, Appellee would undoubtedly be given an opportunity to amend to correct any alleged deficiency. Tex. R. Civ. P. 91; *e.g. Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998).

*Border City Bank*, 649 S.W.2d 133, 134 (Tex. App.—El Paso 1983, no writ) (on appeal of a special appearance, holding that any defect in the plaintiff's pleadings was waived by the defendants' failure to challenge the same by special exceptions).

## E.    Specific Jurisdiction Exists Based on the Tortious Interference Claim

Appellee adequately pled specific jurisdiction arising out of Appellants' tortious interference with Appellee's contracts with Texas residents; Appellants recruited these Texas residents and induced them to breach their contracts with Appellee.   CR 272 at ¶ 11; CR 280 ¶¶ 38-42.  Appellants presented no evidence in the trial court to negate these allegations.  On this basis alone, the trial court's denial of Appellants' special appearance should be affirmed.[5]

Appellants' reliance on *Favour Leasing LLC v. Mulligan*, 2014 WL 4090130, is misplaced.  In *Favour Leasing LLC,* the plaintiff alleged that the appellants/defendants   were recipients of fraudulent transfers occurring entirely outside of Texas.  *Id.* at \*9. Unlike *Favour Leasing*, this case involves intentional interference with the contracts entered into with Texas residents, where such contracts being performable in Texas.

Presuming for the sake of argument that Appellants' recruitment of Texas residents was conducted through the computers and phones of their New York

---

[5] Appellee regrets the typographical error in Appellee LMS Consulting LLC's Brief. The trial court did not "dismiss" Appellants but rather denied their special appearance challenges. *See* Appellee's Br. p 1.

office, their tortious conduct purposefully directed at Texas would be sufficient to support specific jurisdiction. "It is not necessary that the nonresident defendant's conduct actually occur in Texas, as long as the defendant's acts were purposefully directed towards Texas." *Luxury Travel Source v. Am. Airlines, Inc.*, 276 S.W.3d 154, 162-63 (Tex. App.—Fort Worth, 2008); *see also Calder v. Jones,* 465 U.S. 783, 789–90, 104 S.Ct. 1482, 1487, 79 L.Ed.2d 804 (1984); *CSR Ltd. v. Link,* 925 S.W.2d 591, 595 (Tex.1996); *SITQ EU Inc. v. Reata Restaurants Inc.*, 111 S.W.3d 638, 646 (Tex. App.—Fort Worth 2003, pet. denied).

## PRAYER FOR RELIEF

Appellee LMS Consulting LLC respectfully asks this Court to affirm the trial court's orders denying Appellants PT Intermediate Holding Inc. and Personal Touch Holding Inc.'s special appearances and that the Court grant it such other and further relief to which it may be entitled.

Respectfully submitted,

TAYLOR DUNHAM AND RODRIGUEZ LLP
301 Congress Avenue, Suite 1050
Austin, TX 78701
512-473-2257
512-478-4409 (fax)

By: */s/Isabelle M. Antongiorgi*
    David E. Dunham
    State Bar No. 06227700
    ddunham@taylordunham.com
    Jennifer Tatum Lee
    State Bar No. 24046950
    jtatum@taylordunham.com
    Isabelle M. Antongiorgi
    State Bar No. 24059386
    ima@taylordunham.com
Counsel for Appellee LMS Consulting LLC

## CERTIFICATE OF SERVICE

On April 10, 2015, the undersigned certifies that she served a copy of this Brief of Appellees on the following by e-service, in compliance with Texas Rules of Appellate Procedure 9.5 and 25.1(e):

Monte James
mjames@jw.com
Kimberly Gdula
kgdula@jw.com
Josh Romero
jromero@jw.com
Jackson Walker LLP
100 Congress Avenue
Suite 1100
Austin, Texas 78701
*Counsel for Appellants*

*/s/Isabelle M. Antongiorgi*
Isabelle M. Antongiorgi